## -UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  06-10082-CIV-MOORE/GARBER

VANGUARD CAR RENTAL USA, INC.
a Delaware Corporation, NATIONAL
RENTAL (US), INC., f/n/a NATIONAL
CAR RENTAL, a Delaware corporation,
and ALAMO FINANCING, L. P. a
foreign limited partnership,

       Plaintiffs,

vs.

JEAN FRANCOIS HUCHON,

       Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS

Defendant, Jean Francois Huchon, moves for an Order dismissing the Petition for Declaratory

Judgment on the grounds that this court's lacks jurisdiction of this action and/or that in the Court's

discretion under the Declaratory Judgment Act, it should decline to accept jurisdiction of this action.

An automobile collision action for personal injuries is currently pending involving the identical

issues raised by the Plaintiffs in their Petition for Declaratory Judgment.  Those issues have been

asserted by Alamo in the underlying tort action as affirmative defenses.  The issues raised in the

instant Petition and the affirmative defenses in the tort action are matters of state law and involve

significant questions of great public importance in Florida.  There is little doubt that the Florida

Supreme Court and/or the Florida legislature will ultimately have to resolve the questions.

Furthermore, the Court's diversity jurisdiction does not appear on the face of the Petition for

Declaratory Judgment and there is no federal question jurisdiction which would permit this Court to entertain the instant action. No actual case or controversy is demonstrated by the allegations of the Petition, most particularly between Mr. Huchon and Vanguard Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental, which would render an declaration by the Court merely an advisory opinion.

## Background

This declaratory judgment action arises out of a collision in Key West, Florida on February 22, 2006, between an automobile owned by Alamo Financing, L. P. (Alamo) and a motorcycle operated by Jean Francois Huchon. Mr. Huchon was seriously injured in the collision.

Alamo was promptly notified of the injuries and of Mr. Huchon's claim. On March 29, 2006, Vanguard Car Rental Claims, Inc. notified Mr. Huchon's counsel that it was the claims administrator for Alamo. On June 29, 2006, Mr. Huchon's counsel made a demand to Alamo, directed through its claims administrator, to settle the tort action for $600,000, the amount of the statutory limits imposed by Florida's Financial Responsibility statute. The demand stated that it would remain open for 30 days. Vanguard Car Rental Claims, Inc. responded to the demand, stating that it (presumably meaning Alamo) had no exposure based on the Federal Transportation Equity Act, 49 U.S.C. § 30106.

Before the expiration of the 30 days, on July 27, 2006, Vanguard Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental and Alamo filed this Petition for Declaratory Judgment against Mr. Huchon. Mr. Huchon has had no contact whatsoever with Vanguard Car Rental USA, Inc. or National Rental (Us), Inc., f/n/a National Car Rental and has no clue as to their connection to Alamo; their connection to the tort claim; or why they have brought this declaratory judgment action. They make no such connection in the Petition for Declaratory Judgment.

On August 9, 2006, Mr. Huchon filed a civil action against Alamo and the driver of the

vehicle, Michael Jankowski, in the Circuit Court, Sixteenth Judicial Circuit, Case No. 06-CA 186-M. At that time, Mr. Huchon had not been served with the Petition for Declaratory Judgment, although it had been filed with the court. He was not served until August 26, 2006.

Meanwhile, on September 1, 2006, Alamo removed the state tort action to federal court, Case No. 06-CV-10094-KING (the underlying tort action). Based on the pendency of *this* action for declaratory relief already before Judge Moore, Judge King transferred the underlying tort action to Judge Moore by Order of Transfer dated September 11, 2006.

Mr. Huchon has filed a Motion to Remand the underlying tort action to the circuit court due to lack of jurisdiction and defects in the removal process. The Motion for Remand is currently pending before the Court and Mr. Huchon anticipates that the tort action will be remanded.

In the underlying tort action, Mr. Huchon alleges that Alamo is liable in damages for injuries sustained by Mr. Huchon resulting from the negligent operation of Alamo's vehicle by Alamo's permissive driver, Michael Jankowski. Florida's financial responsibility statutes cap the amounts which the owners of rental cars, such as Alamo, must pay in such circumstances. Fla. Stat. § 324.021(9)(b). Assuming that Mr. Huchon can prove that Mr. Jankowski was negligent and that his negligence was the proximate cause of Mr. Huchon's injuries, because Mr. Jankowski had less than the amount of insurance required by the Florida statute, Alamo is financially responsible for damages in the underlying tort action up to $600,000.00.[1]

In August 2005, Congress enacted 49 U.S.C. § 30106 titled "Rented or leased motor vehicle safety and responsibility" statute which protects rental car companies from state laws imposing

---

[1]     Fla. Stat. § 324.021(9)(b) makes the rental car company liable for up to $100,000 per person for bodily injury and $50,000 for property damage. If the lessee (Mr. Jankowski here) is uninsured or has insurance with limits less than $500,000 combined property damage and bodily injury liability, the rental car company is liable for up to an additional $500,000 in economic damages only. Mr. Jankowski has only $50,000 in insurance coverage.

liability by reason of being the owner of the vehicle if there is no direct negligence or criminal wrongdoing on the part of the owner. **That statute, however, expressly states that it does not supersede any State law imposing financial responsibility or insurance standards on the owner of a vehicle for the privilege of registering and operating a motor vehicle**.

In the underlying tort action, Alamo filed its Answer and Affirmative Defenses and set forth as affirmative defenses both the damages caps of Fla. Stat. § 324.021(9)(b) and an alleged bar under 49 U.S.C. § 30106.[2] The ultimate issue in regards to Alamo in the underlying action is whether Fla. Stat. § 324.021(9)(b) is a financial responsibility statute which falls within the exception to 49 U.S.C. § 30106.

In the only *published* opinion in Florida on this issue, that question has been squarely answered against Alamo's position here. Numerous other Florida courts have addressed the issue and made the identical determination — the federal statute does not supercede Florida law. In virtually every instance where this issue has arisen in Florida courts, it was raised by the car rental company defendants on motions to dismiss. The car rental companies have been unsuccessful that procedural tactic so the instant declaratory judgment action is their alternative effort.

Apparently unwilling to await the adjudication of its affirmative defenses in the underlying tort action on these issues of purely state law, Alamo asks this court to preempt a decision on the rental car company's liability and determine it's liability (or lack thereof) in this declaratory judgment action. Of course, any financial responsibility on the part of Alamo would arise if, and only if, the permissive driver, Michael Jankowski, is found negligent in his operation of the vehicle and it is determined that his negligence was the legal cause of injuries sustained by Jean Francois Huchon.

---

[2]     See Alamo's Answer attached as Exhibit 1. The Answer to the tort action was actually filed in this action due to an erroneous case number on the Answer.

In essence, Alamo wants this Court to decide the state law issue of whether the provision of Florida's Financial Responsibility statute requiring rental car companies to pay damages for injuries arising out of the use of their vehicles is in fact a Financial Responsibility statute which is exempt from 49 U.S.C. § 30106.

## I.      The Petition Should Be Dismissed For Lack of Subject Matter Jurisdiction

The operation of the Declaratory Judgment Act is procedural only. Accordingly, a federal court may only entertain an action for declaratory relief where there is an independent jurisdictional basis for the action such as diversity or federal question jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 661 (1950); *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003). Even though the Plaintiffs here allege both diversity and federal question jurisdiction, neither appears on the face of the Petition for Declaratory Judgment.

### A.      *No Diversity Jurisdiction*

The defendant acknowledges that the Plaintiffs allege the requisite facts to establish the citizenship of the corporate plaintiffs, *i.e.*, the states of incorporation and the places where they have their principal places of business. They fail, however, to allege the citizenship of defendant Jean Francois Huchon. Under the well-pleaded complaint rule, the Petition fails to demonstrate diversity jurisdiction.

### B.      *No Federal Question Jurisdiction*

Moreover, no federal question is presented in this action. To establish federal question jurisdiction in a declaratory judgment action, the well-pleaded complaint rule requires that the federal question jurisdiction show on the face of the complaint. *See City of Huntsville v. City of Madison*, 24 F.3d 169, 172 n. 4 (11th Cir. 1994). That requirement is not met here.

The only federal aspect of this case is the federal statute which Alamo has raised as an *affirmative defense* to the underlying state law tort action. That statute does not confer any right to

bring a claim or confer any private federal cause of action.  Furthermore, the statute is not a necessary element to any state law cause of action.  It is axiomatic that "an anticipated federal defense to a state law cause of action does not confer original or removal federal question jurisdiction. *Id.*, citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8 & n. 9 (1983). All of the declaratory relief the Plaintiffs seek here relate exclusively to their defenses to the state law causes of action in the underlying case.  Neither this petition nor the underlying tort arise under federal law.  See *Cablevision of Boston Ltd. Partnership v. Flynn*, 710 F. Supp. 23 (D. Mass. 1989), a case remarkably similar to the instant case in procedural status.

### C.    *No Case of Controversy*

The Petition for Declaratory Judgment also falls far short of alleging an actual case or controversy between the parties.  As it true with all cases in the federal courts, in all cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, the threshold question is whether a justiciable controversy exists. *See e.g., Atlanta Gas Light Co. v. Aetna Cas. And Surety Co.*, 68 F.3d 409,414 (11th Cir. 1995); *Wendy's Int'l v. City of Birmingham*, 868 F. 2d 433, 435 (11th Cir. 1989). In enacting the Declaratory Judgment Act, Congress limited federal jurisdiction to actual controversies in recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete cases or controversies. *Id.* (citation omitted); *see also United States Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991).

The controversy must between the parties must be definite and concrete, "touching the legal relations of parties having adverse legal interests." *United States Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)(citing *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).

As a threshold matter, Defendant Jean Francois Huchon challenges the standing of Vanguard

Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental to bring this action. Those entities are not parties to the underlying tort action and they have failed in the Petition for Declaratory Judgment to allege any legal relationship between any party to this action. The Court, like Mr. Huchon, may well ask, "Who are these entities?" They have failed to allege any connection whatsoever to either Alamo or Mr. Huchon. Accordingly, Vanguard Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental have failed to demonstrate an actual case or controversy which would give rise to their standing to bring this action for declaratory judgment. *See Provident Life & Accident Ins. Co., v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1490-91 (11th Cir. 1988).

Despite the allegation in the Petition for Declaratory Judgment that Mr. Huchon has demanded Plaintiffs to tender $600,000.00 under Fla. Stat. § 324.021, that is patently false with respect to Vanguard Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental. See Petition for Declaratory Judgment, ¶ 11. At no time has Mr. Huchon demanded anything from Vanguard Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental. The only demand ever made by Mr. Huchon was to Alamo through its claims administrator, Vanguard Car Rental Claims, Inc.[3] That entity is not a plaintiff here.

On this Petition, however, not even Alamo alleges a case or controversy. First, the plaintiffs allege that Michael Jankowski entered into a rental agreement with the Plaintiffs for a vehicle. Petition, ¶ 9. Then the alleged that Mr. Jankowski was involved in an accident with Mr. Huchon resulting in bodily injury. Petition, ¶ 10. Then they allege that Mr. Huchon has demanded that the Plaintiffs tender $600,000 under Fla. Stat. § 324.021. Petition, ¶ 11. There are no factual allegations which tie the allegations in Paragraphs 9-11 to any legal threat or injury, to any particular claim for vicarious liability, or to the federal statute the Plaintiffs ask this court to clarify and/or construe in

---

[3]     See relevant portion of demand to Alamo attached as Exhibit 2.

conjunction with Florida law. The court need not accept as true legal conclusions couched as factual allegations. *Glen v. Club Mediterranee, S.A.*, 365 F. Supp.2d 1263, 1273 (S.D. Fla. 2005)(citations omitted).

As the Eleventh Circuit has recognized:

> For a controversy to exist, 'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' [internal citation omitted] The party who invokes a federal court's authority must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.

*Atlanta Gas Light Co. v. Aetna Cas. And Surety Co.*, 68 F.3d 409,414 (11th Cir. 1995)(citations omitted). "Absent a redressable injury a judicial determination of plaintiff's claim would amount to an advisory opinion prohibited by Article III's case and controversy requirement." *Barry v. Carnival Corp.*, 424 F. Supp.2d 1354, 1357 (S.D. Fla. 2006)(citations omitted); *Glen v. Club Mediterranee, S.A.*, 365 F. Supp.2d 1263, 1272 (S.D. Fla. 2005)(citations omitted).

Mr. Huchon does not suggest that it would be impossible for at least Alamo to eventually allege a case or controversy, however, on the face of this Petition, the requisite case or controversy simply is not shown. As for Vanguard Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental, Mr. Huchon finds no basis on which a case or controversy could ever be found.

## II.    The Petition Should Be Dismissed Upon The Court's Discretionary Authority

The Declaratory Judgment Act vests the federal courts with unique and substantial discretion in determining whether or when to entertain declaratory judgment actions, even if the lawsuit otherwise satisfied subject matter jurisdiction prerequisites. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). There is nothing automatic or obligatory about the assumption of jurisdiction by

a federal court to hear a declaratory judgment action. Congress merely created opportunity in the federal courts, it did not impose a duty upon them. *Id.* at 286-287.

A district court may, in its discretion, decline to entertain a declaratory judgment action when a pending proceeding in another court will fully resolve the controversy between the parties. *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982)(multiple citations omitted). That discretion is considerable and the standard is "clearly generous." *Lumbermens Mut. Cas. Co. v. Insurance Co. Of the State of Pennsylvania*, 45 F. Supp.2d 1349, 1351 (S.D. Fla. 1999). The Eleventh Circuit has recognized at least one equitable consideration in such a decision which is directly on point here — where the declaratory judgment action was filed in apparent anticipation of the other pending proceeding. *Ven-Fuel, Inc.*, 673 F.2d at 1195.

In *Ven-Fuel,* the Government advised Ven-Fuel that if it did not pay a certain assessed penalty forthwith, the Government would institute judicial proceedings to collect the penalty. The next day, in apparent anticipation of imminent judicial proceedings, Ven-Fuel file a declaratory judgment action. A week later, the Government filed the promised civil action in the District of Massachusetts. The Eleventh Circuit found no abuse of the district court's discretion in declining to accept jurisdiction of the action where Ven-Fuel admitted that it would raise the same defenses and arguments in the Massachusetts case as were raised by the declaratory judgment action. *Id.*

This case virtually mirrors the scenario set forth in *Ven-Fuel.* In the instant case, on June 29, 2006, Mr. Huchon made a demand upon Alamo for the injuries he sustained in the collision with Alamo's vehicle. The demand stated that it was open for 30 days, after which Mr. Huchon would institute legal proceedings. Two days before the offer expired, and before Mr. Huchon could file his tort case, Alamo (joined by Vanguard Car Rental USA, Inc. and National Rental (Us), Inc., f/n/a National Car Rental for reasons yet unknown) filed this declaratory judgment action in federal court. As promised, Mr. Huchon filed a civil action for his personal injuries in the Circuit Court on August

9, 2006, unaware at the time that this declaratory judgment action had been filed.

Like the Plaintiff in *Ven-Fuel*, the Plaintiffs here have indisputably demonstrated that they could raise in the identical issues in the civil tort action. Indeed, they have already done so, having asserted the same issues as affirmative defenses. See Answer, Exhibit 1. "The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action." *Sturge v. Diversified Transport Corp.*, 772 F. Supp. 183, 186 (S.D.N.Y. 1991).

In *Great American Ins. Co. v. Houston General Ins. Co.*, 735 F. Supp 581 (S.D.N.Y. 1990), the Court dismissed a declaratory judgment action despite the fact that, like the instant case, it had been filed before a parallel coercive action was filed in a state court. The *Houston General* court concluded that the case demonstrated a "classic example of a race to the courthouse" and the "the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action." *Id.* at 586.

In *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978), *cert. denied*, 440 U.S. 908 (1979), the court held that an equitable consideration in the decision to allow the later filed action to proceed was whether the declaratory judgment action had been triggered by a letter putting the plaintiff on notice of a lawsuit. *Id.* at 219. In the instant case, it is clear that the demand to Alamo triggered the Petition for Declaratory Judgment.

As this Court has previously noted:

> **it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court**

**litigation should be avoid**.

*Lumbermen Mut. Cas. Co. v. Insurance Co. Of the State of Pennsylvania*, 45 F. Supp.2d 1349, 1351

(S.D. Fla. 1999). Although the underlying tort case has been removed to federal court, the rationale

for the above conclusion is equally, if not more applicable here where the underlying tort case is

currently pending before this Court and remand to the state court is expected based upon defects in

the removal process. Even if the tort case is not remanded, the issues raised here will be adjudicated

in the tort action and this declaratory relief action should be dismissed. *See Aetna Cas. & Surety Co.,*

*v. Ind-Com Electric Co.*, 139 F.3d 419, 423 (4th Cir. 1998; *see also Sturge v. Diversified Transport*

*Corp.*, 772 F. Supp. 183, 186 (S.D.N.Y. 1991)(numerous citations omitted)(district court may

decline to hear declaratory judgment action where there is a proceeding in another court, state or

federal, that will resolve the controversies between the parties).

Numerous federal courts have established guidelines to aid in determining whether to assert

jurisdiction over declaratory judgment actions. Those factors include: (1) the strength of the state's

interest in having issues raised in the federal action decided in state courts; (2) whether issues raised

in the federal action can more efficiently be resolved in state court; (3) whether permitting the federal

action to go forward would result in unnecessary entanglement between federal and state court

systems because of overlapping issues of fact or law; and (4) whether the declaratory judgment

action is being used merely as a device for procedural fending, that is, to provide another forum in

a race for res judicata or to achieve a federal hearing in a case otherwise not removable. *See e.g.,*

*Id.* at 422-423.

The Fifth Circuit included the following factors: (1) whether there is a pending state court

proceeding in which the matters in controversy between the parties may be fully litigated; (2)

whether the declaratory complaint was filed in anticipation of another suit and is being used for the

purpose of forum shopping; and (3) whether there are possible inequities in permitting the plaintiff

to gain precedence in time and forum. *See Rowan Co., Inc. v. Griffin*, 876 F.2d 26, 29 (5ᵗʰ Cir. 1989).

Still other courts consider the following additional factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether there is an alternative remedy which is better or more effective. *See e.g., Grand Trunk Western R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6ᵗʰ Cir. 1984)(citations omitted).

When the above factors are considered in the context of the instant action, it is clear that this is a case which should be dismissed. The determinative issue here is whether Fla. Stat. 324.021(9)(b) is a Financial Responsibility statute (which would make it an express exception to 49 U.S.C. § 30106) is a question of state law best left to the Florida state courts. No Florida appellate court has yet ruled on this question, although several circuit courts have already ruled that Fla. Stat. 324.021(9)(b) is part of Florida's Financial Responsibility law and is an exception to the federal statute. *See Poole v. Enterprise Leasing Co. Of Orlando*, 2006 WL 1388442 (Fla. Cir. Ct. Mar. 9, 2006). See additional unpublished opinions collected as Composite Exhibit 3.[4]

In a state such as Florida, where rental cars comprise a significant percentage of the vehicles on our highways on any given day, it is indisputably in the interest of the State of Florida to have this question decide by its state courts so as to determine whether the entities putting these dangerous instrumentalities on our roadways must answer in damages for the carnage the wreak. It seems unlikely that the federal court would be able to grant the relief the instant Plaintiffs seek here without

---

[4]       *Mumford v. Dollar Thrifty Automotive Group Systems, et al*, Case No: 06-620 CA, Twentieth Judicial Circuit, Charlotte County, Florida; *Hammond v. Enterprise Leasing Co. Of Orlando, et al*, Case No. 05-05-CA-65285, Eighteenth Judicial Circuit, Brevard County, Florida.; *Lawson v. Enterprise Leasing Co., et al*, Case No. 1626006CA3788XXXXMA, Fourth Judicial Circuit, Duval County, Florida; *Datilma v. Progressive American Ins. Co, U-Haul Co. Of Florida, et al*, Case No. 2006-CA-10255, Ninth Judicial Circuit, Orange County, Florida.

resorting to a certification of the question to the Florida Supreme Court.

Further, even if the issues presented in this declaratory judgment action were resolved here, it would result in piecemeal litigation. A ruling on these issues will never settle the controversy which exists between Mr. Huchon and the other defendant to the tort action, Michael Jankowski and which will continue. That claim will, of necessity, still need to be resolved. There is no question that Mr. Huchon's claim against Alamo can be fully resolved in the same proceeding.

The Fifth Circuit said it most succinctly as follows:

> **Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort. The district court should consider denying declaratory relief to avoid gratuitous interference with the orderly and comprehensive disposition of a state court litigation if the claims of all parties can satisfactorily be adjudicated in the state court proceeding.**

*Wilton v. Seven Falls Co.*, 41 F.3d 934, 935 (5th Cir. 1994)(quoting *Matter of Magnolia Marine Transp. Co.*, 964 F.2d 1571, 1581(5th Cir. 1992)).

Moreover, the given the history of this case, it seems highly likely that the instant declaratory judgment action was filed in anticipation of the imminent tort suit and was a race to the courthouse for res judicata purposes. In considering this factor, "it is not necessary for the evidence to establish conclusively forum shopping. The evidence should be sufficient to suggest such behavior. *See General Star Indem. Co. v. Puckit, L.C.*, 818 F. Supp. 1526, 1533 (M.D. Fla. 1993). The evidence here <u>strongly</u> suggests forum shopping.

In the context of personal injury negligence cases, it is the uniform approach of federal courts that declaratory relief is generally *inappropriate* when a putative tortfeasor, such as Alamo here, sues the injured party, Mr. Huchon, for a declaration of nonliability. *See Morrison v. Parker*, 90 F.

Supp.2d 876,880-81 (W.D. Mich. 2000)(citing *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165 (7th

Cir. 1969)). "In our view, where a declaratory plaintiff raises chiefly an affirmative defense, and it

appears that granting relief could effectively deny an allegedly injury party its otherwise legitimate

choice of the forum . . . no declaratory judgment should issue." *Id.* (numerous citations omitted).

As the *Cunningham* court noted, "to allow a declaratory judgment action under the facts before us

would be to allow a substitute for the traditional procedures for adjudicating negligence cases."

*Cunningham Bros., Inc. ,* 407 F.2d at 1168.

It is beyond dispute that the issues in this action can be effectively and efficiently resolved

in the underlying tort action and this declaratory judgment action is mere duplication of efforts.  For

all of the foregoing reasons, Defendant Jean Francois Huchon respectfully requests that the Court

grant his motion to dismiss this action, or alternatively, to stay these proceedings pending resolution

of the underlying tort action.

Date:  September 22, 2006

                                          Respectfully submitted,

**THOMAS SCOLARO**
Fla. Bar No.  178276
**PATRICIA M. KENNEDY**
Fla. Bar No.  817929
**LEESFIELD, LEIGHTON, & PARTNERS, P.A.**
2350 S. Dixie Highway
Miami, Florida 33133
Telephone:     (305) 854-4900
Facsimile:     (305) 854-8266
E-mail:  scolaro@leesfield.com
        **kennedy@leesfield.com**
*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by first class United States Mail on all counsel of record on the attached service list on this 22nd day of September, 2006.

PATRICIA M. KENNEDY

## SERVICE LIST

### CASE NO. 06-CV-10082-CIV-MOORE

| **Thomas Scolaro**<br>**Leesfield Leighton & Partners, P.A.**<br>2350 S. Dixie Highway<br>Miami, Florida 33133<br>Tele: 305-854-4900<br>Fax: 305-854-8266<br>email: scolaro@leesfield.com<br>        kennedy@leesfield.com<br>*Attorneys for Defendant Jean Francois Huchon* | **Daniel J. Santaniello**<br>**Daniel B. Reinfeld**<br>**Luks, Santaniello, Perez, Petrillo & Gold**<br>Sun Trust Center Suite 1100<br>515 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301<br>Tele: 954-761-9900<br>Fax: 954-761-9940<br>email: djs@ls-law.com and dbr@ls-law.com<br>*Attorneys for Plaintiffs* |

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.:

JEAN FRANCOIS HUCHON

        Plaintiff,

vs.

MICHAEL JANKOWSKI, individually,
and ALAMO FINANCING L.P., a foreign
corporation for profit.

        Defendants.

_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, ALAMO FINANCING L.P., a Delaware Limited Partnership, and hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Complaint.

## ANSWER

1.      Defendant specifically denies all allegations contained within paragraphs 1, 5, 6, 7, 9, 10, 18, 19, 20, 21, 22, 23, and 24, including all subparts.

2.      Defendant is without knowledge as to all allegations contained within paragraphs 2 and 8, and demands strict proof thereof.


RECEIVED
AUG 8 1 2006
BY:


3.      Defendant admits the allegations contained within paragraphs 3 and 4 for jurisdictional purposes only.

4.      Defendant specifically denies each and every allegation of negligence, causation, injury and damages alleged in the Complaint as to Defendant, ALAMO FINANCING L.P.

5.      Defendant generally denies all allegations not specifically admitted herein.

6.      No response is necessary to Counts 1 (Negligence of Michael Jankowski), as these allegations are not directed to this Defendant, and demands strict proof thereof; however, should this Honorable Court require Defendant ALAMO FINANCING L.P. to respond, Defendant denies same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

7      The Defendant states as an Affirmative Defense that at the time and place complained of, Plaintiff so carelessly and negligently conducted himself as to proximately cause or contribute to the alleged accident, injuries or damages alleged in Plaintiff's Complaint, thus barring or reducing proportionately all claims for damages against the Defendant.

8      The Defendant states as an Affirmative Defense that Defendant is entitled to a set-off of all sums of money received by judgment, settlement or

2

otherwise by Plaintiff from any party or nonparty to this action for the injuries allegedly sustained as a result of the incident described in Plaintiff's Complaint.

9    The Defendant states as an Affirmative Defense that Defendant is entitled to a set-off of any recovery rendered against him to the extent of all personal injury protection benefits paid or payable to or on behalf of Plaintiff, as a result of the incident complained of in Plaintiff's Complaint.

10.    The Defendant states as an Affirmative Defense that Plaintiff is precluded from recovery from the Defendant for the alleged physical injuries sustained as a result of the incident particularized in Plaintiff's Complaint pursuant to the Florida Automobile Reparations Reform Act since Plaintiff has failed to sustain any injury sufficient to meet the thresholds established by §627.737, Florida Statutes.  Plaintiff's failure to meet the thresholds set forth in §627.737, Florida Statutes, bars any claim for damage for personal injury or disease or derivative action in the instant case against defendant.

11.    The Defendant states as an Affirmative Defense that any recovery of damages is restricted to those limitations upon vicarious liability set forth in Florida Statutes §324.021 (9) (b).

12.    The Defendant states as an Affirmative Defense that this action is barred by chapter 301 of title 49 of the United States Code Section 30106 which bars and/or limits vicarious liability against rental car companies including this Defendant effective as of August 10, 2005 for all lawsuits filed after that date.

3

Specifically said statute states that "an owner of a motor vehicle that rents or leases the vehicle shall not be liable under the law of any State by reason of being the owner of the vehicle for harm that results or arises out of use, operation or possession of the vehicle during the period of the rental or lease...."

13.     The Defendant states as an Affirmative Defense that Plaintiff's damages shall be reduced by the comparative fault of third parties not related to Defendant and to the extent he is found to be at fault, which fault is specifically denied, he is entitled to an apportionment of damages, if any, in accordance with §768.81, Florida Statutes and Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993).  Further, Defendant requests that other non-parties who may be determined to be liable by the trier of fact, be placed on the verdict form in this cause at the time of trial should they not be named parties at the trial through settlement, dismissal, or judgment, and in further support of this defense, incorporate by reference, as if fully set forth herein, the allegations of negligence made against said persons and/or entities by Plaintiff in his Second Amended Complaint.

14.     The Defendant states as an Affirmative Defense that any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

15.     The Defendant states as an Affirmative Defense that Plaintiff's Complaint fails to state a cause of action against Defendant.

16. The Defendant states as an Affirmative Defense that at the time and place complained of, Plaintiff, while riding as passenger in and/or operating a motor vehicle traveling on a Florida roadway, was not wearing the vehicle's available and fully operational seat belts and/or shoulder harness supports and the failure to wear such seat belt and/or shoulder harness support was a violation of Florida law and the proximate cause of or contributed to Plaintiff's accident, injuries and damages, thus barring or reducing proportionally all claims for damages against the defendant.

17. The Defendant states as an Affirmative Defense that Plaintiffs have not satisfied all conditions precedent to filing this suit against this Defendant.

18. The Defendant states as an Affirmative Defense that Plaintiff has failed to minimize damages by not undertaking reasonable and necessary medical care.

19. The Defendant states as an Affirmative Defense that Plaintiff's medical bills were not reasonable and/or necessary.

20. The Defendant states as an Affirmative Defense that Plaintiff has failed to mitigate damages.

21. The Defendant hereby reserves the right to file a counter-claim after discovery proceeds in this action.

22. The Defendant states as an Affirmative Defense that at all times material hereto, Plaintiff's claims are barred by the Florida Motor Vehicle No-Fault Law.

## DEMAND FOR JURY TRIAL

23.    Defendant demands a trial by jury of all issues so triable as a matter of right.

WHEREFORE, Plaintiff should take nothing by this action and the defendant should go hence without day.

Respectfully submitted this <u>29th</u> day of August, 2006.

By:    _____

DANIEL J SANTANIELLO, ESQUIRE
Florida Bar No.: 860948
DANIEL B. REINFELD, ESQUIRE
Florida Bar No.:  174815
LUKS, SANTANIELLO,
  PEREZ, PETRILLO & GOLD
Attorneys for Defendants
SunTrust Center - Suite 1100
515 East Las Olas Boulevard
Fort Lauderdale, FL  33301
Telephone:  (954) 761-9900
Facsimile:  (954) 761-9940
Email:  djs@ls-law.com and
          dbr@ls-law.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to: THOMAS SCOLARO, ESQ., Leesfield, Leighton & Partners, P.A., Attorneys for the Plaintiff, 2350 South Dixie Highway, Miami, Florida 33133, Telephone: (305) 854-4900, FAX: (305) 854-8266, E-mail: scolaro@leesfield.com, this 29th day of August, 2006.

By:

DANIEL J SANTANIELLO, ESQUIRE
Florida Bar No.: 860948
DANIEL B. REINFELD, ESQUIRE
Florida Bar No.: 174815
LUKS, SANTANIELLO,
  PEREZ, PETRILLO & GOLD
Attorneys for Defendants
SunTrust Center - Suite 1100
515 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Telephone: (954) 761-9900
Facsimile: (954) 761-9940
Email: djs@ls-law.com and
  dbr@ls-law.com

# EXHIBIT 2

June 29, 2006

**VIA FEDERAL EXPRESS**

Attn: Mr. Thomas J. Noles
Senior Adjuster
Vanguard Car Rental Claims, Inc.
2601 South Federal Highway
Fort Lauderdale, FL 33316

**RE:  Our Client:      Jean Francois Huchon**
　　　　**Your Driver:     Michael Jankowski**
　　　　**Date/Incident:   February 22, 2006**
　　　　**Claim No.:       000722293**

**TIME-LIMITED
SETTLEMENT DEMAND**

- **Michael Jankowski, cut-off Jean Huchon in violation of his right-of-way and Florida Statutes §316.122**

- **Jean Huchon sustained a laminar fracture of the C7 vertebral body, a fracture of C1 on the right near its articulation with the occipital condyle, a left C6 Lamina Fracture, a closed fracture of the base of the skull, a concussion with loss of consciousness, vertigo, and a right ulnar neuropathy at the elbow**

- **$35,123.24 in medical expenses**

Dear Mr. Noles:

As you are aware, this firm represents Jean Francois Huchon for the permanent and serious injuries he sustained as a result of your permissive driver's negligence.  Our investigation is now complete and it is very apparent a judgment in this case will exceed Alamo's $600,000 limits under Florida Statutes §324.021.  Michael Jankowski cut-off Jean in a hastened attempt to make a left turn at the intersection of State Road 5 and Zane Gray Creek Drive, in violation of his right-of-way and Florida Statutes. The following well documented settlement brief provides good faith basis for prompt payment of Alamo's statutory limits.

This is a case of clear liability resulting in a conviction for violating Mr. Huchon's

*Vanguard Claims*
*Settlement Demand*
*Page 2*

right of way and serious personal injuries resulting in significant orthopaedic and neurological injuries, specifically a **laminar fracture of the C7 vertebral body and a fracture of C1 on the right near its articulation with the occipital condyle and nearly $34,000.00 in medical expenses**. Accordingly, this settlement demand is viable only for 30 days, at which time it will be deemed withdrawn and the Plaintiff will pursue the full value of this claim before a Monroe County jury. Liability and damages are outlined below.

## I. FACTUAL BACKGROUND AND LEGAL LIABILITY

On February 22, 2006, Michael Jankowski carelessly struck and severely injured Jean when he failed to exercise even the slightest degree of care before attempting to make a left-hand turn with reckless abandon across a busy state thoroughfare in Marathon, Florida.

Mr. Jankowski was eastbound on Zane Grey Creek Drive, on a sunny and clear Florida Keys February day with no visual impairments except his own. Approaching the intersection anxiously ready to turn without stopping or yielding, Mr. Jankowski clearly should have seen Jean traveling southbound on State Road 5 on his motorcycle. Despite the fact that Jean was lawfully and prudently continuing down State Road 5 and had the legal right-of-way, he carelessly and negligently tried to thread a needle and turn onto State Road 5. Jean was too close and had not cleared the intersection when your insured accelerated on his doomed turn. Jean had no opportunity to avoid this collision.

Instead of taking proper account of Jean's proximity, your permissive driver was carelessly distracted by the other occupants in his vehicle and incautiously proceeded forward with the full force of his 2005 Chevrolet. This was so patently the wrong decision, fraught with peril, and predictably with severe consequences. Facing northeast in the direction of Jean's motorcycle immediately prior to turning, there is no excuse for Mr. Jankowski to have begun his turn. He was only focused on the occupants of his vehicle, rather than attentive to the safety and well being of those drivers around him. Mr. Jankowski was not concerned with yielding to oncoming traffic, not concerned with cutting off Jean's motorcycle and not concerned about causing an accident because he was too busy entertaining his passengers, thus distracting him from utilizing the requisite attention necessary when operating a highly dangerous motor vehicle on a main thoroughfare.

# EXHIBIT 3



Not Reported in So.2d                                                                                           Page 1

Not Reported in So.2d, 2006 WL 1388442 (Fla.Cir.Ct.)
**(Cite as: Not Reported in So.2d)**

C
Only the Westlaw citation is currently available.
Florida Circuit Court, Eighteenth Judicial Circuit,
Brevard County.
Jo Ellen POOLE and Robert Poole, her husband
Plaintiffs,
v.
ENTERPRISE LEASING COMPANY OF
ORLANDO, Defendant.
**Appellate Case No. 05-2005-CA-008150.**

March 9, 2006.

*ORDER DENYING MOTION TO DISMISS*
BARLOW, J.
**\*1** THIS MATTER came to be heard on January
19, 2006, on a Motion to Dismiss filed by
Enterprise Leasing Company of Orlando. The
Court, having heard argument of counsel and being
otherwise fully advised, hereby finds:

1. On October 6, 2005, Defendant Enterprise
Leasing Company of Orlando moved, pursuant to
49 U.S.C. § 30106, to dismiss this suit, stating that "
Enterprise *shall have no liability* for the harm
alleged in [Plaintiffs'] complaint." Def.'s Mot. to
Dismiss ¶ 1 (emphasis in original).

2. The parties stipulated that the motor vehicle lease
at issue was for less than one year.

3. Section 324.021(9)(b)2, Florida Statutes (2005),
is applicable to this case.

4. Section 324.021(9)(b)2 is located in Chapter 324,
"Financial Responsibility," and is consistent with
the purposes of that Chapter, as set forth in section
324.011, Florida Statutes (2005).

5. Section 324.021(9)(b)2 is clearly a financial
responsibility law for purposes of Florida law and
for purposes of 49 U.S.C. § 30106(b).

6. Section 324.021(7) is also a financial
responsibility law for purposes of Florida law and
for purposes of 49 U.S.C. § 30106(b).

7. Because section 324.021(9)(b)2, which applies
specifically to short-term motor vehicle lessors, is a
more narrowly tailored financial responsibility law
than section 324.021(7), which applies generally to
owners of motor vehicles, section 324.021(9)(b)2
applies to all cases concerning the financial
responsibility of short-term motor vehicle lessors
under Florida law.

8. Because section 324.021(9)(b)2 is an exception
squarely contemplated by 49 U.S.C. § 30106(b),
nothing in 49 U.S.C. § 30106 prevents the
application of section 324.021(9)(b)2 to the instant
case, and Defendant is financially responsible for
the limits of financial responsibility set forth therein.

Based upon the foregoing findings, it is hereby

ORDERED AND ADJUDGED that Defendant
Enterprise Leasing Company of Orlando's Motion
to Dismiss is hereby DENIED.

DONE AND ORDERED.

Fla.Cir.Ct.,2006.
Poole v. Enterprise Leasing Co. of Orlando
Not Reported in So.2d, 2006 WL 1388442
(Fla.Cir.Ct.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA.

CASE NO.: 162006CA3788XXXXMA
DIVISION: CV-H

CHAD C. LAWSON,

        Plaintiff,

vs,

ENTERPRISE LEASING COMPANY, a
florida profit corporation, JARVIS J.
COLEMAN, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, INC.,
a foreign profit corporation,

        Defendant(s).

_____

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came on to heard on July 24, 2006, upon a Motion to Dismiss filed by Enterprise Leasing Company. The Court, having heard argument of counsel and being otherwise duly advised on the premises, hereby finds:

1.     Section 324.021(9)(b)2, Florida Statutes (2005), is applicable to this case.

2.     Section 324.091(9)(b)2 is located in Chapter 324, "Financial Responsibility", and is consistent with the purposes of that Chapter, as set forth in Section 324.011, Florida Statutes (2005).

3.     Section 324.021(7) is also a financial responsibility law for purposes of Florida law and for purposes of 49 U.S.C. § 301.06(b).

4.     Because Section 324.021(9)2 is an exception squarley contemplated by 49 U.S.C.§ 301.06(b), nothing in 49 U.S.C. § 301.06 prevents the application of Section

324.021(9)(b)2 to the instant case, and the Defendant is financially responsible for

the limits of financial responsibility set forth therein.

**ORDERED AND ADJUDGED** that Defendant, Enterprise Leasing Company's Motion to

ORDER ENTERED

Dismiss is hereby **denied**.   The Defendant shall have twenty (20) days to answer Plaintiff's

complaint.                                                                    AUG 0 9 2008

                                                 /s/ John H. Skinner
                                     JOHN H. SKINNER, CIRCUIT JUDGE

Copies furnished to:

Deborah A. Halvorsen, Esquire, 4811 Beach Blvd., Ste. 303, Jacksonville, FL 32207
Patrick C. Earley, Esquire, 1200 Riverplace Blvd., Ste. 640, Jacksonville, FL 32207
Dennis R. Schutt, Esquire, 2700-C University Blvd. West, Jacksonville, Fl 32217
Benjamin E. Richard, Esquire, One Independent Drive, Ste. 1900, Jacksonville, FL 32202

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.  2005-CA-10255
DIVISION: 35

SAINTARMAND DATILMA,

     Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY, CAREY J. DAVIS, AND
U-HAUL CO. OF FLORIDA,

     Defendants.

_____/

### ORDER ON MOTION TO DISMISS U-HAUL CO. OF FLORIDA

THIS CAUSE came before the Court on June 12, 2006 on Defendant's Motion to

Dismiss U-Haul Co. Of Florida, and after having considered the motion and hearing argument of

counsel, it is hereby

ORDERED AND ADJUDGED

That the Motion To Dismiss U-Haul Co. Of Florida is denied..

DONE AND ORDERED in Orlando, Orange County, Florida this ___15___ day of

June, 2006.

 

 

_____
Reginald K. Whitehead
CIRCUIT COURT JUDGE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by
U.S. mail this _15_ day of June, 2006 to: **Jeffrey D. Starker, Esq., 1936 Lee Road, Suite 100,
Winter Park, FL 32789-7201; Sandra Kotur, Esq., One South Orange Avenue, Suite 301,
Orlando, FL 32801; and Patrick J. Murphy, Esq., 550 Fairway Drive, Suite 203, Deerfield
Beach, FL 33441.**

_____
Judicial Assistant

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 05-CA-10255
DIVISION: 35

SAINTARMAND DATILMA,

     Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE COMPANY,
CAREY J. DAVIS, U-HAUL CO. OF FLORIDA, AND
U-HAUL CO. OF FLORIDA 905, LLC,

     Defendants.

_____/

## MOTION TO DISMISS
## U-HAUL CO. OF FLORIDA

COMES NOW, the Defendant, U-HAUL CO. OF FLORIDA (hereinafter referred to as "U-HAUL"), by and through its undersigned counsel, moves this court for dismissal of plaintiff's claim against it for failure to state a cause of action upon which relief being granted, pursuant to rule 1.140 (b) (6) and in support would show the following:

1. The plaintiff's personal injury claim against U-HAUL and the Co-Defendant, CAREY J. DAVIS, arises from an alleged 04/15/05 automobile event occurring at or near the 17th hundred block of South Orange Blossom Trail in Apopka, Orange County Florida.

2. The Plaintiff filed his complaint on 12/01/05.

3. The Plaintiff completed service only on U-HAUL on 1/05/06.

4. The only count against U-HAUL in this lawsuit is brought under the dangerous instrumentality doctrine alleging vicarious responsibility on behalf of U-HAUL.

Datilma v. Progressive a.    U-Haul
Case No:  05-CA-10255

5.    As there are no allegations of independent negligence against U-HAUL, Plaintiff's recovery as against U-HAUL rests solely upon this vicarious liability theory.

6.    As set forth more fully, Plaintiff may not maintain a vicarious liability action against U-HAUL because the Federal Transportation Equity Act (known as the "Graves Amendment") was signed into law on August 10th 2005 and has abolished vicarious liability claims against owners or lessor's of motor vehicles for actions filed after the date of enactment, August 10th 2005.

7.    **The Federal Transportation Equity Act has abolished the dangerous instrumentality doctrine.**

8.    The Federal Transportation Equity Act operates to eliminate Florida's imposition of vicarious liability upon persons or entities that rent or lease vehicles to others. Impertinent part, 4 9U.S.C., Section 30106, provides:

"A. IN GENERAL – AN OWNER OF A MOTOR VEHICLE THAT RENTS OR LEASES THE VEHICLE TO A PERSON (OR AN AFFILIATE OF THE OWNER) SHALL NOT BE LIABLE UNDER THE LAW OF ANY STATE OR POLITICAL SUBDIVISION THEREOF, BY REASON OF BEING THE OWNER OF THE VEHICLE (OR AN AFFILIATE OF THE OWNER) FOR HARM TO PERSONS OR PROPERTY THAT RESULTS OR ARISE OUT OF THE USE, OPERATION, OR POSSESTION OF THE VEHICLE DURING THE PERIOD OF THE RENTAL OR LEASE, IF –

2

Datilma v. Progressive and U-Haul
Case No: 05-CA-10255

"(1) THE OWNER OR THE AFFILIATE OF THE OWNER IS
ENGAGED IN THE TRADE OR BUSINESS OF RENTING OR LEASING
MOTOR VEHICLES; AND –

"(2) THERE IS NO NEGLIGENCE AND OR CRIMINAL
WRONGDOING ON THE PART OF THE OWNER (OR AFFILIATE OF
THE OWNER)"

9.    The Federal Transportation Equity Act applies to all causes of action that
have commenced after August 10th 2005, regardless of the date of the event given rise to
the action (to wit: the automobile collision alleged in the Plaintiff's complaint)

10.    In part, section 30106, subsection C of the act, provides:

"C.    APPLICABILITY AND EFFECTIVE DATE – NOT
WITHSTANDING ANY OTHER PROVISION OF LAW, THIS SECTION
SHALLY APPLY WITH RESPECT TO ANY ACTION COMMENCED ON
OR AFTER THE DATE OF THE ENACTMENT OF THIS SECTION
WITHOUT REGARD TO WHETHER THE HARM THAT IS THE SUBJECT
OF THE ACTION OR THE CONDUCT THAT CAUSED THE HARM,
OCCURRED BEFORE SUCH DATE OF ENACTMENT".

11.    Consequently, the Federal Transportation Equity Act applies in this case,
and Plaintiffs claim fails to state a cause of action against the Co-Defendant, U-HAUL
upon which relief may be granted and pursuant to 49 U.S.C. Section 30106, U-HAUL,
requests this court to dismiss, with prejudice, the Plaintiff's Complaint as against it.

WHEREFORE, Defendant(s), U-HAUL, respectfully requests this Honorable Court

Datilma v. Progressive and U-Haul
Case No: 05-CA-10255

enter an Order dismissing the plaintiffs claim against this defendant, for fauilure to state a

cause of action and for such other relief as this court deems just proper.

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

furnished by U.S. mail to:  JEFFREY D. STARKER, ESQ., Attorneys for Plaintiff, 1936 Lee

Road, Suite 100, Winter Park, FL 32789-7201 and SANDRA KOTUR, ESQ. ADAMS &

DIACO, P.A., Attorneys for Progressive, One South Orange Avenue, Suite 301, Orlando,

FL 32801, this 11th day of May 2006.

MURPHY & NEALE, P.A.
Attorneys for U-Haul
550 Fairway Drive, Suite 203
Deerfield Beach, Florida 33441
954.525.5509 Telephone
954.525.4509 Facsimile

By: _____

Patrick J. Murphy, Esquire
Florida Bar No. 562475

PJM/lay.3377.datilma

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICAL CIRCUIT IN AND FOR
CHARLOTTE COUNTY, FLORIDA                                    CIVIL ACTION

ROBERT W. MUMFORD and
JOSEPHINE MUMFORD,
                        Plaintiffs

v.                                      CASE NO.:      06-620 CA

DOLLAR THRIFTY AUTOMOTIVE
GROUP SYSTEMS, INC, d//b/a
DOLLAR THRIFTY AUTOMOTIVE
GROUP and GLENN DIETRICH,

                        Defendants
_____/

## ORDER DENYING MOTION TO DISMISS

THIS MATTER came to be heard before the Court on July 17, 2006, on a Motion
to Dismiss filed by Defendant, DOLLAR THRIFTY AUTOMOTIVE GROUP
SYSTEM, INC., d/b/a DOLLAR THIRFTY AUTOMOTIVE GROUP (hereinafter
"DOLLAR") The Court having heard arguments of counsel and being otherwise fully
advised, hereby finds:

1.      On April 10, 2006, DOLLAR, moved to dismiss the Complaint previously
filed therein stating that is a rental car company renting motor vehicles in the State of
Florida and, "as a matter of Federal law" is not responsible for the renter's actions.   At
the hearing, counsel for DOLLAR relied upon Sec 10208 of the Federal highway bill
enacted in August, 2005 entitled the "Safe, Accountable, Flexible, Efficient
Transportation Equity Act: A Legacy for Users" or "SAFETEA-LU"

2.      The parties stipulated that DOLLAR is in fact engaged in the trade or
business of renting or leasing motor vehicles and that the motor vehicle lease at issue was
for less than one year.

3.      Section 324.021(9)(b)2, Florida Statutes (2005), is applicable to this case

4.      Section 324.021(9)(b)2 is located in Chapter 324, "Financial Responsibility," and is consistent with the purpose of that Chapter, as set forth in section 324.011, Florida Statutes (2005).

5.      Section 324.021(9)(b)2 is clearly a financial responsibility law for purposes of Florida law and for purposes of Sec 10208 of SAFETEA-LU.

6.      Section 324.021(7) is also a financial responsibility law for purposes of Florida law and for purposes of Sec 10208 of SAFETEA-LU.

7.      Because section 324.021(9)(b)2, which applies specifically to short-term motor vehicle lessors, is a more narrowly tailored financial responsibility law than section 324.021(7), which applies generally to owners of motor vehicles, section 324.021(9)(b)2 applies to all cases concerning the financial responsibility of short-term motor vehicle lessors under Florida law.

8.      Because section 324.021(9)(b)2 is an exception squarely contemplated by Sec 10208 of SAFETEA-LU, nothing in Sec 10208 of SAFETEA-LU prevents the application of Section 324.021(9)(b)2 to the instant case, and Defendant, DOLLAR, is financially responsible for the limits of financial responsibility set forth therein.

Based upon the foregoing findings, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss of Defendant, DOLLAR THRIFTY AUTOMOTIVE GROUP SYSTEM, INC., d/b/a DOLLAR THIRFTY AUTOMOTIVE GROUP is hereby DENIED.

DONE AND ORDERED this _28_ day of _July_, 2006, in chambers of the Charlotte County Justice Center, Charlotte County, Florida.

/s/ DONALD E. PELLECCHIA

DONALD E. PELLECCHIA
Circuit Court Judge

I affirm that conformed copies
of the above and foregoing has
been provided this _2_ day
_August_, 2006, to:

Judicial Assistant

David R. Linn, Esq.
Steinberg & Linn, P.A.

Mark B. Yeslow, Esq.
Yeslow & Koeppel, P.A.

Quentin B. Fairchild, Esq.
Law Offices of James J. Pratt

IN THE CIRCUIT COURT FOR THE
18TH JUDICIAL CIRCUIT, IN AND
FOR BREVARD COUNTY, FLORIDA

CASE NO.:        05-05-CA-65285

ROBERT HAMMOND,

     Plaintiff,

v.

ENTERPRISE LEASING COMPANY
OF ORLANDO, a Florida corporation,
and JOHN DOE, a Florida resident,

     Defendants.

_____/

### ORDER ON DEFENDANT'S MOTION TO DISMSS

THIS CAUSE coming before the Court on November 23, 2005, pursuant to Defendant

ENTERPRISE LEASING COMPANY OF ORLANDO's Motion to Dismiss dated October 19,

2005, and the Court having heard argument of counsel and being otherwise fully advised in the

premises, it is

ORDERED and ADJUDGED as follows:

Defendant's Motion to Dismiss dated October 19, 2005 is hereby **DENIED.**

DONE and ORDERED in Chambers at Viera, Brevard County, Florida, this 15 day of

December , 2005.

Original Signed By
J. PRESTON SILVERNAIL
Circuit Court Judge

_____
HONORABLE J. PRESTON SILVERNAIL
CIRCUIT COURT JUDGE

cc:    John N. Hamilton, Esquire
       Daniel F. Dill, Esquire
       Wayne Johnson, Esquire

IN THE CIRCUIT COURT FOR THE
18TH JUDICIAL CIRCUIT, IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.:          05-05-CA-65285

ROBERT HAMMOND,

      Plaintiff,

v.

ENTERPRISE LEASING COMPANY
OF ORLANDO, a Florida corporation,
and JOHN DOE, a Florida resident,

      Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant ENTERPRISE LEASING COMPANY OF ORLANDO moves to have all claims and counts against it dismissed with prejudice based on the specific authority and mandate of 49 U.S.C. Section 30106. On August 10, 2005 Congress enacted Section 30106, the terms of which require that Enterprise *shall have no liability* for the harm alleged in this complaint. This law applies to *any* action commenced on or after August 10, 2005 and therefore applies to this action and this complaint – regardless of when the underlying harm or conduct occurred. Accordingly, and given that this action was commenced on or after August 10, 2005, all claims and counts against Enterprise must be dismissed. *See also* Fla. R. Civ. P. 1.140(b)(6).

I HEREBY CERTIFY that a true copy hereof has been furnished by facsimile & U.S. Mail to **John N. Hamilton, Esquire**, Nance, Cacciatore, Hamilton, Barger, Nance & Cacciatore, P.O. Box 361817, Melbourne, FL 32936-1817, on this _19th_ day of October, 2005.

Daniel F. Dill, Esquire
Florida Bar No.: 056405
LAW OFFICES OF DANIEL F. DILL
545 Delaney Avenue, Building 2
Orlando, FL 32801
Phone No.: (407) 367-0278
Fax No.: (407) 206-3297
Attorney for Defendant Enterprise